UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**Dec 18, 2007**

FILED
CLERK'S OFFICE

**IN RE: REFINED PETROLEUM PRODUCTS**
**ANTITRUST LITIGATION**

MDL No. 1886

**TRANSFER ORDER**

**Before the entire Panel**[*]: Plaintiffs in two actions pending in the Northern District of Illinois have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Northern District of Illinois. Plaintiff in a potential tag-along action pending in the Northern District of Illinois supports centralization in the Northern District of Illinois. Plaintiffs in the Northern District of Ohio and the District of District of Columbia actions support centralization in the respective district in which their action is pending. Four defendants[1] support centralization in the Southern District of Texas. Six defendants[2] and plaintiffs in the Southern District of Texas action oppose centralization and, alternatively, support transfer to the Southern District of Texas.

This litigation currently consists of five actions listed on Schedule A and pending in four districts as follows: two actions in the Northern District of Illinois, and an action each in the District of District of Columbia, the Northern District of Ohio, and the Southern District of Texas.[3]

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of Texas will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions relating to allegations that several entities, either as defendants or co-conspirators in various actions, violated antitrust laws by conspiring to fix, maintain and/or stabilize the price of refined petroleum products (such as gasoline, kerosene, heating fuel, lubricants and other products) in the United States. Centralization under Section 1407 will eliminate duplicative

---

[*] Judge Scirica did not participate in the disposition of this matter.

[1] PDV Holding, Inc.; PDV America, Inc.; PDV Midwest Refining; and Citgo Petroleum Corp.

[2] Aramco Services Co.; Getty Petroleum Marketing Inc.; Lukoil Americas Corp.; Motiva Enterprises, LLC; Saudi Petroleum International, Inc.; and Saudi Refining, Inc.

[3] In addition to the five actions now before the Panel, the parties have notified the Panel of an additional related action pending in the Northern District of Illinois. This action and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary. To be sure, this is a complex group of cases. We are confident that the transferee judge can make the appropriate distinctions and individual rulings, where necessary.

The parties opposing centralization argue, *inter alia*, that centralization is not needed because (1) the Southern District of Texas action involves only one domestic defendant, as compared to the other actions, which are brought against that same defendant as well as several foreign entities, and (2) voluntary alternatives to centralization are superior. While these arguments are well taken in many respects, the numerous common facts of the cases outweigh the few differences. Transfer under Section 1407 will have the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that ensures that pretrial proceedings will be conducted in a streamlined manner leading to a just and expeditious resolution of the actions to the benefit of not just some but all of the litigation's parties. Indeed, numerous entities named as defendants in one or more actions are named as co-conspirators and/or defendants in other actions, and centralization will help ameliorate some of the practical difficulties that may arise regarding these intermingled parties.

We are persuaded that the Southern District of Texas is an appropriate transferee forum for this litigation. The action pending there is one of the earliest filed and most advanced. In addition, the Southern District of Texas enjoys favorable caseload conditions, and several defendants are located in the district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of Texas are transferred to the Southern District of Texas and, with the consent of that court, assigned to the Honorable Sim Lake for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| D. Lowell Jensen | J. Frederick Motz |
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | Anthony J. Scirica* |

**IN RE: REFINED PETROLEUM PRODUCTS
ANTITRUST LITIGATION**                          MDL No. 1886

## SCHEDULE A

District of District of Columbia

S-Mart Petroleum, Inc. v. Petroleos de Venezuela, S.A., et al., C.A. No. 1:07-1179

Northern District of Illinois

Fast Break Foods, LLC v. Saudi Arabian Oil Co., et al., C.A. No. 1:06-6594
Green Oil Co. v. Saudi Arabian Oil Co., et al., C.A. No. 1:07-3617

Northern District of Ohio

Countywide Petroleum Co. v. Petroleos de Venezuela, S.A., et al., C.A. No. 1:07-1632

Southern District of Texas

Spectrum Stores, Inc., et al. v. Citgo Petroleum Corp., C.A. No. 4:06-3569